### JOHNSON v. DICHIARA, et al.

Circuit Court, Sumter County.

March 30, 1954.

Carroll W. Fussell, Bushnell, for plaintiff.

James B. Campbell of Campbell & Campbell, Jacksonville, for defendants.

T. G. FUTCH, Circuit Judge.

This law suit stems from a contract entered into by plaintiff C. Scott Johnson with defendants J. F. Dichiara and wife Josephine and Morris D. Fucarino and wife Dora for the construction of a plant in Sumter County near a location known as Beville's Corner for the manufacture of ice.

The contract for construction calls for the immediate construction of a 6 ton capacity plant. The contract, however, does not stop

with a statement of the capacity, but concludes after full details as to construction, etc. with the following—

> Party of the first part agrees to construct and install said ice plant and equipment in a good and workmanlike fashion and agrees that upon installation *said plant will function properly so as to produce 6 tons of ice daily.*
>
> *Payments on the above mortgage, while set to begin June 15, 1950, shall not begin until thirty days after the plant is completed and in operation.* (Emphasis supplied.)

The contract for construction and the mortgage sought to be foreclosed appear to have been executed simultaneously. They bear the same names of witnesses and bear the same date, i.e., May 6, 1950.

The testimony of both the plaintiff and defendants and the witnesses for the defendants indicates that the design of this plant was purely experimental so far as the plaintiff was concerned and that there was no other ice manufacturing plant in Florida or in the Southeast of the same design. It is quite clear that the plaintiff chose to venture into an unknown and untried process for the manufacture of ice in the erection of this plant and that it proved to be a "flop."

The testimony is clear that the plaintiff has not been able to produce 6 tons of merchantable ice in 24 hours. Plaintiff claims it will produce 6 tons of ice within 24 hours if run at its extreme freezing capacity, but he does not claim that the ice so produced will be of merchantable quality. The testimony of men experienced in this field shows clearly that to reduce the temperature sufficiently to produce 6 tons of ice in 24 hours would bring about cracked and non-merchantable ice.

It is manifest to the court that the plaintiff undertook an experiment at his own risk in the construction of this plant, and in doing so he experimented at his own hazard. He has not produced an ice manufacturing plant in accordance with his contract. His contract became an integral part of his mortgage and he is not entitled to foreclose the mortgage until such time as he has complied with his contract.

The equities appear to be with the defendants and decree will be entered dismissing the bill of complaint and granting relief to the defendants in accordance with the prayer contained in their cross complaint filed on May 25, 1953. Counsel for defendants will prepare an appropriate decree in accord with these findings.